IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TERRANCE LEE FORD | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv763 |
| DIRECTOR, TDCJ-CID | § | |

<u>ORDER OF DISMISSAL</u>

Petitioner Terrance Lee Ford, a prisoner confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Don D. Bush, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

In one of his grounds for review, petitioner asserts he received ineffective assistance of counsel because counsel failed to call Kenyatta Smith, a co-defendant, to testify on petitioner's behalf at trial. Petitioner's conviction for possession of a controlled substance was based upon cocaine found in a car in which petitioner was a passenger. Mr. Smith was the driver of the car. Mr. Smith states he would have testified that petitioner was unaware cocaine was in the vehicle. In connection with petitioner's state habeas proceeding, counsel submitted an affidavit stating he did not call Mr. Smith to testify because in his experience juries rarely believe co-defendants. He stated that if the jury believed Mr. Smith's testimony to be untruthful, they might have held this against petitioner.

The Texas Court of Criminal Appeals, in ruling on petitioner's state application for writ of habeas corpus, denied this ground for review on the merits. The Magistrate Judge concluded this determination was not contrary to, and did not involve an unreasonable determination of, clearly established federal law, the standard applied to a petition filed pursuant to Section 2254. Petitioner objects to this conclusion.

Petitioner states Mr. Smith's testimony would have supported his contention that he was unaware that drugs were in the vehicle. In light of this, the Magistrate Judge observed that reasonable minds could differ as to whether counsel's decision was the best strategy. The Court agrees. Indeed, if this issue were presented on direct appeal, it might present a close question. However, in considering a claim of ineffective assistance of counsel in a habeas proceeding, a federal court must be deferential both to counsel's strategic decisions and to the conclusions of the state courts. *Ward v. Stephens*, 777 F.3d 250, 259 (5th Cir. 2015).

Counsel provided a reasoned basis for not calling Mr. Smith to testify. Being mindful of the applicable legal standard and the deference owed to counsel's strategic decisions, the Court is unable to conclude that the failure to call Mr. Smith to testify fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 689-90 (1984). As a result, the Magistrate Judge correctly determined this ground for review does not entitle petitioner to relief. Petitioner's objection on this point is therefore without merit.

Petitioner also objects to a the Magistrate Judge submitting his Report and Recommendation. He states that the undersigned, while serving as a United States Magistrate Judge, had submitted a Report and Recommendation recommending that a motion for summary judge filed by petitioner be denied. This Report and Recommendation was neither withdrawn nor adopted by the Court. He states Magistrate Judge Bush should not have submitted his Report and Recommendation while the prior Report and Recommendation was pending. He also asserts that no order was entered by the Court authorizing Magistrate Judge Bush to submit his Report and Recommendation.

Petitioner cites no authority or rule of court in support of his contention that a Report and Recommendation of United States Magistrate Judge may not be submitted while a prior Report and Recommendation remains pending. In addition, when the undersigned was appointed a United States District Judge, the Honorable Ron Clark entered an order transferring this matter to the undersigned. Pursuant to General Order 15-3, entered on January 7, 2015, all habeas petitions filed in the Sherman Division were referred to Magistrate Judge Bush. As a result,

petitioner's objection to Magistrate Judge Bush submitting his Report and Recommendation is without merit.

The Report of Magistrate Judge Bush, which contains his proposed findings of fact and conclusions of law, as well as a recommendation for the disposition of this action, has been presented for consideration, and having made a *de novo* review of the objections raised by petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and petitioner's objections are without merit. Therefore, the Court adopts the findings of the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus which has been filed pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. All motions not previously ruled on are hereby **DENIED**.

In addition, the Court is of the opinion petitioner is not entitled to a certificate of appealability. Petitioner has not shown that the issue of whether his claims are meritorious is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability is **DENIED**.

**SIGNED this 14th day of December, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE